RENE PINKETT,

     Plaintiff,

          v.

DR. LEONARD'S HEALTHCARE CORP.,
*et al.*,

     Defendants.

Civil Action No. 18-1656 (JEB)

## MEMORANDUM OPINION

Plaintiff Rene Pinkett sustained injures from a B Yours Vibe 2 vibrator that was allegedly manufactured by Defendant Vee International, Inc.  She thus brought this suit against both Vee International and Dr. Leonard's Healthcare Corp., which sold her the vibrator from its mail-order catalogue.  In an Opinion dated September 28, 2018, this Court granted in part and denied in part Dr. Leonard's motion to dismiss for failure to state a claim.  Now Vee International moves to dismiss for lack of personal jurisdiction.  Because the existence of such jurisdiction is currently unclear, the Court will order jurisdictional discovery before deciding the Motion.

## I.    Background

Pinkett purchased the Vibe 2 from Dr. Leonard's mail-order catalogue during May or June of 2015.  See ECF No. 1 (Notice of Removal), Exh. A (Superior Court Documents) at 2–21 (Compl.), ¶ 8.  According to the Complaint, Vee International manufactured the Vibe 2 that was offered by Dr. Leonard's.  Id., ¶ 19.  As relevant here, Pinkett claims that Vee International — which does business under the name Blush Novelties — "regularly conducts and solicits business in Washington, D.C.," by "designing, manufacturing, modifying, marketing, and selling

sex toys and sexual aids to companies such as [Dr.] Leonard['s]." Id., ¶¶ 6, 13.  In addition to

Dr. Leonard's, Vee International sells its products in the District "through many different online

retailers," such as Amazon and eBay.  See Sup. Ct. Docs. at 96–104 (Pl. MTD Opp.) at 2, 6 n.3.

Bereft of discovery, Plaintiff also notes the difficulty of establishing personal jurisdiction.  Id. at

4.

The parties agree that Vee International is incorporated in New York and maintains its

principal place of business there.  See Sup. Ct. Docs. at 89–90 (Affidavit of Eric Lee, COO, Vee

International), ¶ 2; Compl., ¶ 6.  According to an affidavit from its Chief Operating Officer, that

Defendant does not have any offices, own or lease any real estate, pay any state taxes, or

maintain any bank accounts in the District.  See Lee Aff., ¶¶ 5–8.  Nor does Vee International

market or sell its products to any distributors who are incorporated or maintain their principal

place of business in the District.  Id., ¶ 4.  Dr. Leonard's is incorporated in Delaware, for

instance, and maintains its principal place of business in New Jersey.  See Sup. Ct. Docs. at 72–

85 (Def. MTD) at 6.

Vee International now moves to dismiss for lack of personal jurisdiction.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a suit

if the court lacks personal jurisdiction over him.  The plaintiff bears the burden of establishing

personal jurisdiction, FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d 1087, 1091 (D.C. Cir. 2008),

and its requirements "must be met as to each defendant."  Rush v. Savchuk, 444 U.S. 320, 332

(1980).  In deciding whether the plaintiff has shown a factual basis for personal jurisdiction,

courts resolve factual discrepancies in her favor.  See Crane v. N.Y. Zoological Soc'y, 894 F.2d

454, 456 (D.C. Cir. 1990).  When personal jurisdiction is challenged, "the district judge has

considerable procedural leeway in choosing a methodology for deciding the motion." 5B

Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1351 (3d ed. 2004). The

court may rest on the allegations in the pleadings, collect affidavits and other evidence, or even

hold a hearing. Id.

III.    Analysis

The Court may only exercise personal jurisdiction over Defendant if permitted by D.C.'s

long-arm statute and the Constitution's Due Process Clause. See United States v. Ferrara, 54

F.3d 825, 828 (D.C. Cir. 1995); Daley v. Alpha Kappa Alpha Sorority, Inc., 26 A.3d 723, 727

(D.C. 2011); see also Fed. R. Civ. P. 4(k)(1)(A). This requirement translates into a two-step

inquiry: the Court "first examine[s] whether jurisdiction is applicable under the . . . long-arm

statute and then determine[s] whether a finding of jurisdiction satisfies the constitutional

requirements of due process." GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343,

1347 (D.C. Cir. 2000).

There are several ways for a D.C. court to obtain personal jurisdiction over a non-resident

defendant. First, Pinkett relies on the Court's authority to exercise "general jurisdiction" over a

non-resident defendant in certain circumstances. See Gorman v. Ameritrade Holding Corp., 293

F.3d 506, 509 (D.C. Cir. 2002); D.C. Code § 13-334(a). Second, she argues that the Court has

"specific jurisdiction" over Defendant because it "transact[ed] . . . business in the District of

Columbia." § 13-423(a)(1). Third, she contends that the Court also has specific jurisdiction

because Vee International "caus[ed] tortious injury in the District of Columbia by an act or

omission outside the District of Columbia" and "regularly does or solicits business, engages in

any other persistent course of conduct, or derives substantial revenue from goods used or

consumed, or services rendered, in the District of Columbia." § 13-423(a)(4). As explained

below, the Court concludes that, on the current record, none of these three bases is sufficient since Vee International likely lacks the "minimum contacts" with the District that the Due Process Clause requires. The Court will nonetheless permit Pinkett to take some discovery because she identifies certain facts that could, if more fully developed, support the exercise of personal jurisdiction.

A.      General Jurisdiction

The Due Process Clause permits general jurisdiction when a non-resident defendant maintains sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim in the particular suit. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 (1984). General jurisdiction is appropriate based on "only a limited set of affiliations with a forum," all of which are tantamount to Defendant's domicile. See Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). For corporations, general jurisdiction may be asserted if the forum is one in which the corporation is "'fairly regarded as at home,'" which has been defined as generally being either its "place of incorporation" or its "principal place of business." Id. (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)). D.C. law incorporates this due-process standard. See Gorman, 293 F.3d at 510.

Vee International, however, is incorporated and maintains its principal place of business in New York. See Lee Aff., ¶ 2; Compl., ¶ 6. Defendant is thus not "fairly regarded as at home" in the District, and general jurisdiction does not exist. See Daimler, 571 U.S. at 137–39 ("[T]he inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.")

(internal quotations and citations omitted).  Nor is this the "exceptional case" where "a corporate defendant's operations" beyond these two "paradigm" forums may be "so substantial and of such a nature as to render the corporation at home in that State."  BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1552–53 (2017) (quoting Daimler, 571 U.S. at 137, 139 n.19).  On the contrary, Vee International has no offices, tax liability, bank accounts, or even distributors who are at home in the District.  See Lee Aff., ¶¶ 4–8.

Pinkett nonetheless argues that discovery may show that Vee International is somehow subject to general jurisdiction.  See Pl. Opp. at 4.  Yet, "it is hard to see why much in the way of discovery would be needed to determine where a corporation is at home."  Daimler, 571 U.S. at 139 n.20.  Although she invokes the stream of commerce, see Compl., ¶ 38, the Supreme Court has made clear that "the placement of a product into the stream of commerce . . . 'do[es] not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant.'"  Daimler, 571 U.S. at 132 (quoting Goodyear, 564 U.S. at 927).  Pinkett's argument that Vee International "regularly conducts and solicits business in Washington, D.C.," Compl., ¶ 5, fares no better: The Supreme Court has likewise explained that "in-state business . . . does not suffice to permit the assertion of general jurisdiction" because "[a] corporation that operates in many places can scarcely be deemed at home in all of them."  BNSF Ry. Co., 137 S. Ct. at 1559 (quoting Daimler, 571 U.S. at 139 n.20).  Because Plaintiff identifies no facts likely to support Vee International's being at home in the District, the Court does not have general jurisdiction over Defendant.  See Freedman v. Suntrust Banks, Inc., 139 F. Supp. 3d 271, 280–81 (D.D.C. 2015).

In any event, even if Plaintiff could demonstrate that Defendant had such contacts with the District, she still would not satisfy the service requirements of D.C. law.  A foreign defendant

must be served "in the District" for the exercise of general jurisdiction.  See D.C. Code § 13-334(a).  "Where the basis for obtaining jurisdiction over a foreign corporation is § 13-334(a), . . . a plaintiff who serves the corporation by mail outside the District is 'foreclosed from benefitting from [the statute's] jurisdictional protection.'"  Gorman, 293 F.3d at 514 (quoting Everett v. Nissan Motor Corp., 628 A.2d 106, 108 (D.C. 1993)); see also Gowens v. Dyncorp, 132 F. Supp. 2d 38, 42 (D.D.C. 2001).  Here, Plaintiff did not serve Defendant in the District.  See Pl. Opp. at 3.  The Court, consequently, may not exercise general jurisdiction over it via § 13-334(a).

B.      Specific Jurisdiction

Specific jurisdiction, conversely, permits a court to adjudicate those "issues deriving from, or connected with, the very controversy that establishes jurisdiction."  Goodyear, 564 U.S. at 919 (citation omitted).  In other words, specific jurisdiction exists where a claim arises out of the non-resident defendant's contacts with the forum state.  D.C.'s long-arm statute enumerates the kinds of contacts with the District that are sufficient to bring a non-resident defendant into a D.C. court, two of which are at issue here: "transacting any business in the District of Columbia" and "causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia."  D.C. Code § 13-423(a)(1), (4).

1.      *Transacting Business*

The "transacting any business" provision of the D.C. long-arm statute has been given an "expansive interpretation," rendering it "coextensive with the due process clause" when the relevant contacts derive from some type of commercial or business-related activity.  Helmer v. Doletskaya, 393 F.3d 201, 205 (D.C. Cir. 2004) (quoting Mouzavires v. Baxter, 434 A.2d 988, 992 (D.C. 1981)); see Holder v. Haarmann & Reimer Corp., 779 A.2d 264, 270–71 (D.C. 2001).  This means that if a defendant transacts business here and a dispute arises from that transaction,

6

he may be sued in the District so long as doing so would not violate due process. See, e.g.,

Hardy v. N. Leasing Sys., Inc., 953 F. Supp. 2d 150, 156–57 (D.D.C. 2013); Schwartz v. CDI

Japan, Ltd., 938 F. Supp. 1, 4 (D.D.C. 1996).  Put another way, § 13-423(a)(1) reaches out to

non-resident defendants engaged in business activity in the District with as long an arm as the

Constitution will allow.

Here, Pinkett's claims arise out of Vee International's alleged transaction of business in

the District.  See Quality Air Servs., LLC v. Milwaukee Valve Co., 567 F. Supp. 2d 96, 101 n.4

(D.D.C. 2008) (holding that products-liability claim "clearly ar[ose] out of" transaction of

business in District when defendant "ma[de] sales through a regional distributor that specifically

target[ed] the District") (citing Stabilisierungsfonds Fur Wein v. Kaiser-Stuhl, 647 F.2d 200, 205

(D.C. Cir. 1981)).  All of her jurisdictional allegations fairly fall within the domain of the

"transacting any business" prong of D.C.'s long-arm statute.  As a consequence, "the statutory

and constitutional jurisdictional questions, which are usually distinct, merge into a single

inquiry."  United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995).  A brief flashback to 1L

Civil Procedure reveals the seminal cases that establish the appropriate standard under the Due

Process Clause.

Due process permits a court to exercise specific jurisdiction over a non-resident

defendant when there are sufficient "minimum contacts" between the defendant and the forum

"such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'"  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken

v. Meyer, 311 U.S. 457, 463 (1940)).  The defendant's contacts must be extensive enough that he

"should reasonably anticipate being haled into court" in the forum state.  World–Wide

Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  "Random," "fortuitous," or

"attenuated" contacts are not enough; although physical presence in the forum is not necessary,

the defendant must have somehow "purposeful[ly] avail[ed]" itself of "the benefits and

protections of the forum's laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76

(1985) (citations omitted).

This standard can be satisfied by "a defendant's participation in the 'stream of

commerce,' which 'refers to the movement of goods from manufacturers through distributors to

consumers.'" Williams v. Romarm, SA, 756 F.3d 777, 784 (D.C. Cir. 2014) (quoting J.

McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 881 (2011) (plurality)). "[A] 'single isolated

sale' from a distributor to a customer in the forum state," however, "has never been sufficient to

establish minimum contacts between the manufacturer and the forum." Id. at 785 (quoting

Nicastro, 564 U.S. at 888–89 (Breyer, J., concurring)). Instead, the Due Process Clause requires

that the defendant "target[] the District or its customers in some way." Id. The defendant may

do so through "efforts directed toward the forum state, such as 'special state-related design,

advertising, advice, [or] marketing.'" Id. (quoting Nicastro, 564 U.S. at 889 (Breyer, J.,

concurring)). A "'regular flow or regular course of sales' in the forum" may also help

demonstrate targeting. Id. at 785 & n.4 (quoting Nicastro, 564 U.S. at 889 (Breyer, J.,

concurring)).

On the current record, Plaintiff has not yet established that the exercise of specific

jurisdiction over Defendant satisfies due process. First, Pinkett claims that she is a resident of

the District and was injured while using the Vibe 2 that she purchased from Dr. Leonard's, which

in turn obtained it from Vee International. See Compl., ¶¶ 3, 8, 13. While the Court may infer

from these facts that Plaintiff was injured in the District by the vibrator, "a 'single isolated sale'

from a distributor to a customer in the forum state has never been sufficient to establish

minimum contacts between the manufacturer and the forum." Williams, 756 F.3d at 785

(quoting Nicastro, 564 U.S. at 888–89 (Breyer, J., concurring)).

Second, Pinkett's argument that Vee International "delivered [the Vibe 2] into the stream

of commerce" through Dr. Leonard's, Amazon, and other distributors, see Compl., ¶ 38; Pl.

MTD Opp. at 6 n.3, cannot provide a basis for personal jurisdiction without any allegation that

Vee International "targeted the District or its customers in some way." Williams, 756 F.3d at

785. Likewise, Pinkett's broad claim that Vee International "regularly conducts and solicits

business" in the District, see Compl., ¶ 6, fails to provide the "specific facts connecting the

defendant with the forum" that are necessary to "establish[] a factual basis for the [Court's]

exercise of personal jurisdiction." Marshall v. I-Flow, LLC, 856 F. Supp. 2d 104, 106 (D.D.C.

2012) (citations omitted). As the record now stands, therefore, Pinkett has not alleged sufficient

facts to warrant personal jurisdiction.

### 2. *Causing Tortious Injury*

Plaintiff also invokes one of the "tortious injury" prongs of the D.C. long-arm statute.

Specifically, the Court may exercise personal jurisdiction over a non-resident defendant who

"caus[ed] tortious injury in the District . . . by an act or omission outside the District . . . if he

regularly does or solicits business, engages in any other persistent course of conduct, or derives

substantial revenue from goods used or consumed, or services rendered, in the District." D.C.

Code § 13-423(a)(4).

The resolution of this issue, however, follows directly from the Court's prior

constitutional analysis conducted within the discussion of the "transacting any business" prong.

Because, as the Court just explained, the exercise of personal jurisdiction over Defendant in this

forum would violate due process, and because Plaintiff alleges no additional contacts relevant to

the "tortious injury" prong, due process still stands as an obstacle to jurisdiction.  Regardless of

the prong at issue, "[a] personal jurisdiction analysis requires that a court determine whether

jurisdiction over a party is proper under the applicable local long-arm statute and whether it

accords with the demands of due process."  Ferrara, 54 F.3d at 828 (emphasis added).

### 3.    *Jurisdictional Discovery*

The Court is nonetheless wary of an unjust result if a "defendant defeat[s] the jurisdiction

of a federal court by withholding information on its contacts with the forum."  Rundquist v.

Vapiano SE, 798 F. Supp. 2d 102, 120 (D.D.C. 2011) (quoting El-Fadl, 75 F.3d at 676,

abrogated on other grounds by Samantar, 560 U.S. 305).  One way to clarify whether Vee

International may be haled into court here is via jurisdictional discovery.  In fact, the Court "has

broad discretion in its resolution of [jurisdictional] discovery problems," and "[t]he standard for

permitting jurisdictional discovery is quite liberal."  App Dynamic ehf v. Vignisson, 87 F. Supp.

3d 322, 329 (D.D.C. 2015) (internal quotations and citations omitted).  Plaintiff's allegations

satisfy that liberal standard as to specific jurisdiction: they demonstrate "a good faith belief that

such discovery will enable it to show that the court has personal jurisdiction over the defendant."

Id. (citation omitted).

Specifically, Pinkett manifests a good-faith belief that she can demonstrate purposeful

availment by discovering the nature and extent of the business that Vee International "regularly

conducts and solicits" in the District through its distributors.  See Compl., ¶¶ 6, 38; see also

Rundquist, 798 F. Supp. 2d at 120–21 (ordering discovery when evidence of defendant's

"licensing, franchising, or similar agreements" with other defendants could establish personal

jurisdiction); Delta Sigma Theta Sorority, Inc. v. LaMith Designs, Inc., 275 F.R.D. 20, 30

(D.D.C. 2011) (ordering discovery when evidence of defendant's "selling merchandise via

websites and catalogues" could establish personal jurisdiction). Discovery may reveal that, by placing its products into the stream of commerce with distributors like Dr. Leonard's, Amazon, and eBay, Vee International "targeted the District or its customers in some way." Williams, 756 F.3d at 785; see id. ("Nicastro makes clear that a manufacturer's broad desire to target the United States through a distributor will not suffice.").

Such targeting may possibly be demonstrated, *e.g.*, through a "regular flow or regular course of sales" in the District or through "additional efforts" directed at the District, "such as 'special state-related design, advice, [or] marketing.'" Id. at 785 & n.4 (quoting Nicastro, 564 U.S. at 889 (Breyer, J., concurring)). The "mere accessibility" of passive websites in the District that sell the Vibe 2, however, is not enough. See Triple Up Ltd. v. Youku Tudou Inc., 235 F. Supp. 3d 15, 23 (D.D.C. 2017) (quoting GTE New Media Servs., 199 F.3d at 1350), aff'd, 2018 WL 4440459 (D.C. Cir. July 17, 2018). Plaintiff is also advised that focusing solely on the characteristics of the websites through which the Vibe 2 is sold, see Pl. Opp. at 5–7, will not help her establish personal jurisdiction over Vee International if those characteristics represent the "mere unilateral" activity of distributors. Williams, 756 F.3d at 785 (quoting World-Wide Volkswagen, 444 U.S. at 298). She must demonstrate purposeful availment by Vee International, not its distributors.

In sum, perhaps Defendant is a relative stranger to the District, broadly targeting the United States through distributors like Dr. Leonard's. Or perhaps Defendant regularly and specifically targets the District with particular products, distribution agreements, marketing campaigns, and the like. Without the benefit of discovery on specific jurisdiction, the Court cannot say whether Vee International's contacts in the District satisfy due process.

**IV.     Conclusion**

The Court will accordingly put Defendant's Motion on ice until Plaintiff completes some

jurisdictional discovery.  A separate Order consistent with this Opinion will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  October 29, 2018