UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENE PINKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. LEONARD'S HEALTHCARE CORP., *et al.*,<br><br>    Defendants. | Civil Action No. 18-1656 (JEB) |

**MEMORANDUM OPINION**

After sustaining injuries from an allegedly defective B Yours Vibe 2 vibrator, Plaintiff Rene Pinkett filed suit against both the vibrator's seller and its manufacturer. In an earlier round of this litigation, the manufacturer — Defendant Vee International, Inc. — moved to dismiss for lack of personal jurisdiction. Reluctant to end Vee's involvement with this case without granting Pinkett an opportunity to explore possible bases for jurisdiction, the Court permitted her discovery to investigate Defendant's contacts with the District of Columbia. That discovery has now taken place. As it turned up nothing that subjects Vee to personal jurisdiction here, the Court will grant the company's renewed Motion to Dismiss.

**I.    Background**

The facts underlying this case bear little on the narrow issue at play. The Court will thus jump over most of the setup and focus on the case's procedural history.

Pinkett lives in Washington, D.C. See ECF No. 1, Attach. 2 (Sup. Ct. Docs.), Exh. A (Complaint), ¶ 3. According to her Complaint, she purchased the Vibe 2 around May or June of 2015 from a mail-order catalogue published by Dr. Leonard's Healthcare Corporation. Id., ¶ 8.

After an alleged product defect caused her injury, Pinkett filed suit against both the seller — Dr. Leonard's — as well as the vibrator's manufacturer, Vee International, which conducts business under the name Blush Novelties. Id., ¶¶ 12–18; see also ECF No. 17 (Vee Amended MTD) at 1 n.1. The two Defendants responded with separate motions to dismiss. Dr. Leonard's maintained that Plaintiff's Complaint failed to state a claim. See ECF No. 4 (Dr. Leonard's MTD). This Court granted in part and denied in part that motion, narrowing the counts that could continue. See Pinkett v. Dr. Leonard's Healthcare Corp., 2018 WL 4682022, at *1 (D.D.C. Sept. 28, 2018).

Vee International took a different route. It contended that the Court lacked personal jurisdiction over it, as the Complaint fell short of establishing either specific or general jurisdiction. See Sup. Ct. Docs. at ECF pp. 68–70 (Vee First MTD), ¶¶ 3–5. In response, Pinkett argued that she did not have enough information to show that the Court could exercise general jurisdiction over Defendant. See Sup. Ct. Docs. at ECF pp. 96–104 (Pl. Opp. First MTD.) at 3. She maintained, however, that specific jurisdiction existed here. Plaintiff based this conclusion on her assertion that Vee "regularly conducts and solicits business in Washington, D.C.," through mail-order catalogues, such as Dr. Leonard's, as well as through various online retailers, such as Amazon and eBay. See Compl., ¶¶ 6, 13; see also Pl. Opp. First MTD at 2, 6 & n.3.

This Court concluded that Vee could not be subjected to general jurisdiction in the District of Columbia. See Pinkett v. Dr. Leonard's Healthcare Corp., 2018 WL 5464793, at *2–3 (D.D.C. Oct. 29, 2018). As to specific jurisdiction, although it found insufficient bases in the existing record, id. at *2, it nevertheless ordered jurisdictional discovery "because [Pinkett] identifie[d] certain facts that could, if more fully developed, support the exercise of personal

jurisdiction." Id. The Court forewarned her that unilateral actions by distributors and passive websites would not be sufficient to establish this Court's jurisdiction over Vee International. Id. at *5.

Following the completion of such jurisdictional discovery — during which Plaintiff took the deposition of Vee International's Chief Operating Officer, Eric Lee — Defendant has now renewed its Motion to Dismiss for lack of personal jurisdiction. See Vee Amended MTD at 1. Plaintiff meanwhile holds fast to her contention that her suit against Vee is properly in this Court. In support, she points to two additional facts turned up during discovery. First, Vee International participates in occasional tradeshows, which draw participants from across the United States. See ECF No. 18 (Pl. Opp.) at 6. Second, a retailer in College Park, Maryland, carries Defendant's products and can be located through Vee International's website. Id. at 6–7. The Court's task is now to ascertain whether these two assertions tip the balance in Pinkett's favor as to specific jurisdiction. She concedes that there is no general jurisdiction here. Id. at 7.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a suit if the court lacks personal jurisdiction over it. The plaintiff bears the burden of establishing personal jurisdiction, see FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d 1087, 1091 (D.C. Cir. 2008), and the requirements for personal jurisdiction "must be met as to each defendant." Rush v. Savchuk, 444 U.S. 320, 332 (1980). In deciding whether the plaintiff has shown a factual basis for personal jurisdiction over a defendant, the court resolves factual discrepancies in favor of the plaintiff. See Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). When personal jurisdiction is challenged, "the district judge has considerable procedural leeway in choosing a methodology for deciding the motion." 5B Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure § 1351 (3d ed. 2004). The court may rest on the allegations in the pleadings, collect affidavits and other evidence, or even hold a hearing. Id.

**III.    Analysis**

Per the Federal Rules, a district court may exercise specific jurisdiction over a defendant when a court of the state in which the federal court is located could exercise such jurisdiction. See Fed. R. Civ. P. 4(k)(1)(A). This analysis requires a "two-part inquiry." GTE New Media Servs. Inc. v. BellSouth, Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000). A court must first examine whether the state's — here, the District's — long-arm statute reaches the defendant and then ask whether jurisdiction comports with the requirements of the Constitution's Due Process Clause. Id. In this case, however, those two inquires merge. That is because, although the District's long-arm statute sets forth several possible routes for personal jurisdiction, Pinkett only invokes one: a claim arising from Defendant's "transacting any business in the District of Columbia." D.C. Code § 13-423(a)(1); see also Pl. Opp. at 4. The D.C. Court of Appeals has interpreted this prong to be "coextensive with the due process clause" when the relevant contacts derive from some type of commercial or business-related activity, as is the case here. See Helmer v. Doletskaya, 393 F.3d 201, 205 (D.C. Cir. 2004) (quoting Mouzavires v. Baxter, 434 A.2d 988, 992 (D.C. 1981)). The only inquiry necessary, therefore, is the Constitutional one.

Due process permits a court to exercise specific jurisdiction over a non-resident defendant where there are sufficient minimum contacts. See Int'l Shoe, Co. v. Washington, 326 U.S. 310, 316 (1945). More specifically, such contacts must be extensive enough so that a defendant could "reasonably anticipate being haled into court." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Minimum contacts may be established in some situations through "a defendant's participation in the 'stream of commerce,' which 'refers to the

movement of goods from manufacturers through distributors to consumers.'" Williams v. Romarm, SA, 756 F.3d 777, 784 (D.C. Cir. 2014) (quoting J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 881 (2011) (plurality opinion)). That said, "a 'single isolated sale' from a distributor to a customer in the forum state has never been sufficient to establish minimum contacts between the manufacturer and the forum." Id. at 785 (quoting Nicastro, 564 U.S. at 888 (Breyer, J., concurring in the judgment)). Rather, jurisdiction over the out-of-state defendant with products in the stream of commerce is only proper "where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (internal quotations and citation omitted). Such contacts must show that "the defendant purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Thompson Hine, LLP v. Taieb, 734 F.3d 1187, 1189 (D.C. Cir. 2013) (internal quotation marks, citation, and alterations omitted). For these reasons, a plaintiff invoking a stream-of-commerce theory must, "at a minimum," be able to point to a "'regular course of sales' in the forum state, or some additional efforts directed toward the forum state, such as 'special state-related design, advertising, advice, [or] marketing.'" Williams, 756 F.3d at 785 (quoting Nicastro, 564 U.S. at 889 (Breyer, J., concurring in the judgment)). In an attempt to clear this hurdle, Plaintiff relies on two facts obtained during jurisdictional discovery.

First, she learned from the deposition of Defendant's Chief Operating Officer, Eric Lee, that Vee International participates in occasional nationwide tradeshows in various large cities — notably not D.C. — at which vendors, who "[c]ould be [from] anywhere," approach the company and place orders directly at the booth. See ECF No. 18, Attach. 1 (Deposition of Eric Lee) at 16; see also Pl. Opp. at 6. Although Lee recounted no sale to or contact with any vendor from the

5

District, he also never explicitly ruled out the possibility that such interaction had occurred. See Lee Depo. at 16. Pinkett argues that this activity supports a finding that Vee International purposefully sought business in the District. See Pl. Opp. at 6. This contention is wholly unconvincing. Without any evidence that any D.C. vendor has ever placed orders at such a tradeshow, this Court will not treat her conjecture as a contact. The Supreme Court, moreover, has already rejected the idea that a manufacturer's desire to distribute to customers throughout the United States establishes minimum contacts in a particular state. See Williams, 756 F.3d at 784–85 (noting that "six justices agreed" in Nicastro that "the forum state could not constitutionally assert jurisdiction over the foreign manufacturer based on . . . the manufacturer's desire that the distributor pursue customers throughout the United States"). Under the logical extension of Pinkett's theory, Vee's acknowledgment that vendors could be from "anywhere" would suffice to establish minimum contacts in every state, territory, and district within the United States. Due process clearly requires more. Such an expansive interpretation risks "shred[ding] these constitutional assurances out of practical existence." GTE New Media Servs., 199 F.3d at 1350.

Second, Plaintiff identifies a retailer in College Park, Maryland — some miles from the District line — that carries Defendant's products and can be located through the Store Locator tool on Vee International's website. See Pl. Opp. at 6–7; see also ECF No. 18, Attach. 3 (Website Store Locator Screenshot). Notably, however, the website does not permit direct-to-consumer sales. See Lee Depo. at 21–22. Pinkett nevertheless argues that the existence of this store supports a finding that the manufacturer "purposefully availed itself" of the forum. See Pl. Opp. at 6–7. She contends that, given the proximity of this store to the District, "Defendant had

6

to have been aware that a substantial portion of [its] products were being sold to District citizens." Id. at 7.

This explanation does not pass muster. As an initial matter, despite having had the opportunity for jurisdictional discovery, Plaintiff's assertion remains but a speculation. She never presents any evidence that this store has, in fact, sold a single product manufactured by Vee to a District resident, much less that such sales constitute a "substantial portion" of its revenue. Pinkett, readers might recall, purchased from a mail-order catalogue unaffiliated with this Maryland store. See Compl., ¶ 8. Given that the burden is on Plaintiff to establish the basis for jurisdiction, see FC Inv. Grp. LC, 529 F.3d at 1091, this void is problematic.

Even setting aside this deficiency, Pinkett's factual contention still falls short of the line. The minimum-contacts test looks to the "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285 (2014). Plaintiff's supposition alone, therefore, that some D.C. residents may cross the state line to buy Vee's products from a vendor in Maryland does little to advance the ball. See Pl. Opp. at 7. Along similar lines, Pinkett's theory that Vee might know that some of its products are likely to end up in the District does not help her case: "'[F]oreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." World-Wide Volkswagen Corp., 444 U.S. at 295; see also Nicastro, 564 U.S. at 882 (plurality opinion) ("The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State."). Rather, if a plaintiff wants to assert that a defendant has "purposefully reached out beyond [its] State and into another," it must show some activity targeted at that forum. See Walden, 571 U.S. at 285 (internal quotation marks,

7

alterations, and citation omitted).  In its last Opinion in this matter, the Court gave Plaintiff some ideas about the type of conduct that could satisfy this standard.  It noted that a "regular course of sales in the District" — *i.e.*, not merely sales to District residents — or "additional efforts directed at the District, such as special state-related design, advice, or marketing" could help her case.  See Pinkett, 2018 WL 5464793, at *5 (emphasis added) (internal citations, quotation marks, and alterations omitted).  Pinkett puts forth no evidence that, by informing customers about a store in Maryland, Vee International somehow targeted the District.  Pointing out that Vee sells to a store that is geographically close simply does not cut the mustard.  Her failure to churn up sufficient contacts this time around is fatal.

One final note is worth mentioning.  Even if the existence of a Maryland vendor could establish sufficient "minimum contacts" between Vee and the District, that is but the first step in satisfying due process.  To establish specific jurisdiction, Plaintiff must also show that her action "arises out of or relates to" those contacts.  See Daimler AG v. Bauman, 571 U.S. 117, 127 (2014) (internal quotation marks, citations, and alterations omitted).  This step requires demonstrating "some sort of causal relationship between" Vee's contacts with the forum and "the episode in [this] suit."  Estate of Klieman v. Palestinian Auth., 82 F. Supp. 3d 237, 247 (D.D.C. 2015).  Although courts are split on the precise standard to apply at this step, see Triple Up Ltd. v. Youku Tudou, Inc., 235 F. Supp. 3d 15, 26 (D.D.C. 2017) (noting that proper standard "remains an open question in this Circuit"), it matters not here.  For Pinkett has not alleged any sort of relationship between Vee's decision to use a vendor in Maryland and her purchase of its product through a separate mail-order catalogue.  See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 930 n.6 (2011) ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."); see also Bristol-

8

Myers Squibb Co. v. Sup. Ct. of Cal., 137 S. Ct. 1773, 1781 (2017) (citing this statement from Goodyear as "settled principle[] regarding specific jurisdiction"). The relatedness prong of specific jurisdiction thus serves as an independent reason to reject Pinkett's assertion that the existence of this Maryland retailer can serve as the basis for the Court's personal jurisdiction over Vee.

\* \* \*

As these are the only two factual bases for jurisdiction that Plaintiff has obtained through discovery, she cannot alter the outcome of the previous Motion to Dismiss.

## IV. Conclusion

The Court will, accordingly, grant Defendant's Motion to Dismiss for lack of personal jurisdiction. A separate Order so stating will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: May 6, 2019