UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RENE PINKETT,

    Plaintiff,

        v.

DR. LEONARD'S HEALTHCARE CORP.,

    Defendant.

Civil Action No. 18-1656 (JEB)

## MEMORANDUM OPINION

After sustaining injuries from a B Yours Vibe 2 vibrator, Plaintiff Rene Pinkett sued both the product's seller and its manufacturer, asserting a number of tort claims. After several rounds of dispositive motions, all that remains is one Defendant and one count. See Pinkett v. Dr. Leonard's Healthcare Corp., 2020 WL 1536305, at *1 (D.D.C. Mar. 31, 2020). Her surviving claim seeks to hold the seller — Dr. Leonard's Healthcare Corp. — liable for an alleged design defect in the vibrator. Pinkett is suing for non-economic damages only, and, with trial approaching, she now moves to bar the defense from introducing evidence of the amount of medical expenses she incurred in relation to this incident. Defendant rejoins that the medical bills should be admissible because they are relevant to proving whether or not Plaintiff was truly injured. The Court will grant the Motion to exclude evidence as to the cost of her treatments, but Dr. Leonard's remains free to introduce any otherwise admissible evidence regarding their scope, nature, and frequency.

**I.      Legal Standard**

"[M]otions *in limine* are a means for arguing why 'evidence should or should not, for evidentiary reasons, be introduced at trial.'" Graves v. Dist. of Columbia., 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (emphasis omitted) (quoting Williams v. Johnson, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)).  They "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" Id. at 10 (quoting Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990)).  The court has "broad discretion in rendering evidentiary rulings, . . . which extends . . . to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial." Barnes v. Dist. of Columbia, 924 F. Supp. 2d 74, 79 (D.D.C. 2013).

**II.     Analysis**

Pinkett argues that any evidence of the cost of her medical treatments is irrelevant to the severity of her injuries and should thus be excluded.  Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  The "general rule" is that relevant evidence is admissible, unless otherwise prohibited. United States v. Foster, 986 F.2d 541, 545 (D.C. Cir. 1993) (paraphrasing Fed. R. Evid. 402).  The defense argues that "[t]he scope of Plaintiff's alleged medical treatment in connection with the subject occurrence, including the medical expenses associated therewith, certainly has the tendency to make Plaintiff's allegations that she was injured, and therefore experienced pain and suffering, more or less probable than it would be without the evidence." ECF No. 44 (Def. Opp.) at 2 (citation and internal quotations omitted).  Dr. Leonard's is correct that the scope of Plaintiff's medical treatment is certainly relevant, but federal courts have generally found that "[t]he price

tag of treatment does not tend to prove or disprove anything about the nature and extent of injuries, save what it has cost to treat them." Francis v. Nat'l R.R. Passenger Corp., 661 F. Supp. 244, 245 (D. Md. 1987).  For that reason, where plaintiff cannot or does not seek to "recover that cost, . . . the evidence of cost is irrelevant." Id.; see also Varhol v. Nat'l R.R. Passenger Corp., 909 F.2d 1557, 1566 (7th Cir. 1990) ("[S]ince [plaintiff] could not recover the expenses reflected in those bills, the amounts of those expenses bore little, if any, relevance to this case.").

The most widely traveled federal authority on this issue is Payne v. Wyeth Pharmaceuticals, Inc., No. 08-119, 2008 WL 4890760 (E.D. Va. Nov. 12, 2008), which found that "there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury." Id. at *6 (quoting and adopting reasoning of Carlson v. Bubash, 639 A.2d 458, 462 (Pa. Super. Ct. 1994)).  Payne reasoned, *inter alia*, that the cost of treatment may mask the differences in severity between different types of injuries, and that expenses may vary depending on the facility and physician.  Id.  While Payne was a case where the defendant sought to exclude medical bills, its holding and rationale have been applied to cases like this one where the plaintiff is the one seeking exclusion.  See Campbell v. Garcia, No. 13-627, 2016 WL 4769728, at *7 (D. Nev. Sept. 13, 2016) (granting plaintiff's motion to exclude because "there is no relevance between these costs and [plaintiff's] purported pain and suffering").

Even if the Court found that Pinkett's medical bills had some slight relevance, they would still be inadmissible under Federal Rule of Evidence 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, . . . or needlessly presenting cumulative evidence."  Here, as in Payne, "there is a substantial possibility of jury confusion if

the medical bills were introduced to prove pain and suffering" or, in this case, lack thereof, where Pinkett does not seek to recover for any outlay.  Id. at *7; see also Varhol, 909 F.2d at 1566 ("Even if the amounts were somehow relevant, the district court did not abuse its discretion in finding the possibility of jury confusion, misuse, and double-recovery outweighed the bills' probative value.").

The Court does not dispute Defendant's position that "[t]he scope of Plaintiff's alleged medical treatment in connection with the subject occurrence" is relevant in determining Plaintiff's true pain and suffering.  See Def. Opp. at 2 (emphasis added).  But nothing in this Order prevents it from detailing this; the only evidence precluded is how much she happened to pay for that treatment.  Defendant may still introduce otherwise admissible evidence as to the number of medical appointments Pinkett attended, any diagnoses, and the types and extensiveness of the treatments provided.

**III.    Conclusion**

For the reasons stated above, the Court will grant Plaintiff's Motion to exclude evidence as to the amount of past medical expenses incurred here.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  April 27, 2021